On the Merits.
BREAUX, J.
Plaintiff, by this suit, seeks to have a receiver appointed to take charge of the defendant, company’s assets, and liquidate its business. In the alternative he seeks to compel by mandamus the distribution of investments made by the company of its surplus fund.
• The corporation was organized in the year 1895 for 10 years, under the limited liability law, which authorizes three or more persons to form a corporation. The capital was $10,000 ($2,500 to be paid cash, divided into 200 shares of $50 each), for the purpose of manufacturing piping for woodwork factories; also general jobbing and sheet-iron work.
The complaints, in the main, are that the investments made in outside securities were unauthorized; that, instead of these investments, dividends should have been declared.
There are three directors constituting the board of this company. Plaintiff is the vice president; the defendant’s father and himself are, respectively, president and secretary and treasurer of the company. Plaintiff, with one vote on the board, owns one-half of the stock, and the defendant, with two votes, represents the other half.
The company, as authorized by its charter, commenced with the cash capital before mentioned. Plaintiff is a mechanical draftsman and designer. The secretary and treasurer, as his office indicates, had charge of the finances of the firm.
By dint of industry and good management up to the date difficulties arose between them last August, their profits had been, as compared with the capital originally invested, quite large.
In the course of a few years the business shows an increase of assets over liabilities of $57,406.38. Of these assets, $29,450 are invested in Louisiana state bonds and premium bonds of the city of New Orleans. The personal account of the vice president amounted to $2,379.77, and the secretary and treasurer to $4,010.42, subject to reduction for salaries and traveling expenses in connection with the business of the company. The following is the statement of the bookkeeper appointed as an expert by the court: “Respectively and figuring in the assets for these amounts are subject to a reduction for salaries and traveling expenses, which amount, I regret to state, I was unable to ascertain, they not being of record in the books.”
It devolves upon us to determine, in the first place, whether or not a receiver should be appointed to take charge of the affairs and assets of the corporation. We are convinced that the grounds urged would not justify the decree appointing a receiver.
The case does not fall within the conditions which authorize the court to appoint a receiver. The appointment of a receiver is to be made when requested by a majority of the stockholders. We have seen that plaintiff, as relates to this application, is in hopeless minority.
*665 It is also to be made when the officers and directors are mismanaging the affairs of the company.
The foregoing set forth the conditions under which a receiver may be appointed, as detailed in the first three sections of the Statute No. 159 of 1898.
The other sections of that statute have no application to the case here, particularly as it does not appear from the evidence that the interest of plaintiff is in danger, and that he is threatened with loss against which a minority stockholder cannot protect himself by other steps than the appointment of a receiver.
The testimony does not show that there was mismanagement of the affairs of the company. The profits were large. Two of the officers before referred to attended to the business and work of the company — one to the mechanical department; the other had charge of the books of the office and other parts of the business.
The least proof of mismanagement should certainly lead to a different conclusion under the statute. The fact that one of the active managers may have drawn, in a legitimate manner, without objection, a few more dollars than the other, gives rise to no good ground for the appointment of a receiver. We have nothing to do in this litigation with the personal difficulties that have arisen after many years of friendly relations between plaintiff and the secretary of the company. Difficulties and enmities such as those that have arisen between these parties are not grounds for appointing a receiver under the statute cited — which is the measure of the court’s authority to appoint such an officer. As it is not of such a nature as to justify the appointment of a receiver, we pass to the demand made in the alternative for declaring a dividend upon the outstanding stock of the corporation equal to the entire assets of the company less the capital stock.
It does not occur to us that plaintiff has presented a case sufficiently strong to justify the court to interfere and distribute the surplus. The surplus (retained in the business, .not invested), in view of the company’s business, does not appear excessive. Part of it, with the consent of the parties concerned, has been invested in a manner which binds the parties among themselves. They, in view of this consent, are not in a position to urge successfully that the act of investing part of the fund was ultra vires.
The remainder of the fund is not more than necessary to safe and conservative management of the company’s affairs.
We infer that it is the desire of the board to protect the interests of all concerned, including those of the plaintiff. The purpose, we take it, is to use the company’s earnings in good faith for the successful management and improvement of business of which they have the direction.
We must decline to interfere. The decisions are not favorable to such interference, although there may arise cases of which the court should assume jurisdiction. “The courts very rarely compel directors to declare a dividend.” Cook on Corporations, volume 1 (3d Ed.) p. 545.
“The power of the court may be invoked for the protection of stockholders against bad faith on the part of directors.” New York, L. E. & W. R. Co. v. Nickals, 119 U. S. 296, 7 Sup. Ct. 209, 30 L. Ed. 363.
“A very strong- ease should, indeed, be made to justify a court in any interference on the ground that the board retains too large a sum as a surplus to meet accident and contingencies.” State of Louisiana v. Bank of Louisiana, 6 La. 746.
If the directors, without reasonable cause, should refuse to divide what was actually profit, thereby committing a wrong and an injustice, the stockholders are not without remedy.
Minorities have rights. A corporation owes and does not own the stock. It is owned by the stockholders, and is to be- managed in the interest of all concerned. “A corporation is as fully liable to suits in equity as a natural Iverson.” English & American Enc. of Law, volume 7, p. 952.
But a stockholder has no right, because of a personal difficulty, to a decree setting aside all acts previous to the difficulty, to which he has given his consent, or in which he has acquiesced.
No question but that one director, after the issue has been made, is entitled to the same credit as his associate directors, to the extent of their respective interests, and to an economical management of the company’s *667 affairs, and to a consulting voice in the permanency of investment made.
He has the right to examine the books, and the right to every facility and assistance needful in following the movement of the funds and the management of the corporation. He has also the right to the advice and presence of counsel, when necessary, at meetings of the board and elsewhere, in matters concerning the corporation. In the Xiresent situation of affairs, these rights, and the course they suggest as proper, are not before us in such a manner as to justify interference.
Other questions were raised. We do not think that it is necessary to decide them, as the views we have expressed sustain our decree.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from in this case is affirmed.